**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **NUVIO CORPORATION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )     **No. 08-2507-CM** |
| **LOGISENSE CORPORATION, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**<u>MEMORANDUM AND ORDER</u>**

      Plaintiff Nuvio Corporation, a Kansas corporation, brings this action against defendants LogiSense Corporation, Falvio Gomes, and Ryan Susanna, all of Ontario, Canada.  Pending before the court is defendants' Motion for Transfer of Venue (Doc. 3) to the United States District Court for the District of Delaware.  For the following reasons, the court denies the motion.

**II.      Background**

      Plaintiff is a telephone service provider for small businesses.  Defendants are engaged in developing, marketing, and selling software that manages billing and IP services.  In July 2007, plaintiff entered into a Software License Agreement with defendants.  At that time, plaintiff was a Delaware corporation.  Plaintiff is now a Kansas corporation.  Defendant LogiSense is a Canadian corporation doing business in Kansas.  Defendant Gomes is the principal shareholder, president, and chief executive officer of LogiSense, and defendant Susanna is the director of sales.  Both Gomes and Susanna are citizens of Canada.

      Plaintiff alleges that, in early July 2007, defendants solicited plaintiff to purchase defendant's billing and provisioning platform, "EngageIP."  The parties engaged in extensive discussion about the capabilities of EngageIP, and its compatibility with plaintiff's server and existing infrastructure.

Defendants allegedly made certain representations to plaintiff, including that the product would support plaintiff's business procedures, and that defendant employed an engineer who had special experience and expertise with the type of server plaintiff needed the billing system to interface with. Defendants also allegedly represented that they could meet plaintiff's deadlines, including its ultimate October 15, 2007 deadline for a fully operational billing platform.

Plaintiff entered into a Software License Agreement with defendants on July 31, 2007 (Doc. 5-2) and subsequently remitted $51,997 to defendants. The agreement also included a choice of law and forum selection clause which stated: "Governing Law and Venue. This Agreement shall be governed by and interpreted under the laws of the [*sic*] Delaware and a Venue located in Delaware." (Doc. 4-2, at 12 § 14.19).

Defendants' representative, who came to Kansas to demonstrate features of the system, was unable to set up, train, or explain the features because the software was not operational. Defendants failed to meet the delivery date or other deadlines set out by plaintiff.

In February 2008, plaintiff remitted an additional $8,000 to defendants for additional modules for the EngageIP platform to be delivered and installed in Overland Park, Kansas, outside the scope of the agreement. On April 1, 2008, defendants delivered non-operational modules, and were unable and/or unwilling to make this software operational.

Ultimately, defendants were never able to deliver any functional billing system software to plaintiff. Plaintiff filed this case in the Johnson County District Court, asserting claims of fraudulent misrepresentation, breach of implied warranty, and material misrepresentation and fraud. Defendants removed the case to this court pursuant to 28 U.S.C. § 1441. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and personal jurisdiction by stipulation of the

-2-

Case 2:08-cv-02507-CM-KGS   Document 17   Filed 12/11/08   Page 3 of 5

parties.

## II.     Judgment Standard

The federal statute governing transfer of venue provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The intent of § 1404(a) is to "'place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness."'  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (additional citation omitted).  "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."  *Id.* at 1515 (citation omitted).

A forum selection clause will be enforced, absent a strong showing that transfer would be 'unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15, (1972) (citation omitted).

## III.    Analysis

### A.     Forum Selection Clause

Defendant requests that the court transfer the instant suit to the United States District Court for the District of Delaware, asserting that the forum selection clause is enforceable and controlling for all of plaintiff's claims; that suit "might have been brought" in Delaware; and that, by applying the balancing test set forth in 28 U.S.C. § 1404(a), venue is proper in Delaware.

Plaintiff contends the contract's forum selection clause should not control because the validity of the Software License Agreement is disputed (Count I); additional software purchases not covered by the license agreement are subject to the Kansas Uniform Commercial Code, K.S.A. § 84-

1-101 *et seq.* (Counts II and III); and applying the balancing test set forth in 28 U.S.C. § 1404(a), venue is proper in Kansas.

The first issue before the court is whether the forum selection clause in the software licensing agreement should be enforced.  The allegations in this case are, *inter alia*, that the licensing agreement is invalid and unenforceable due to fraud and misrepresentation.  Moreover, it is unclear whether the subject of that licensing agreement – *i.e.*, the software – exists.  The court finds that, under these circumstances, transfer to Delaware based solely on the forum selection clause would be unreasonable at this time.

**B.      28 U.S.C. § 1404(a) Balancing**

The court therefore engages the traditional analysis for ruling on a motion to change venue, and considers plaintiff's choice of forum; accessibility of witnesses and other sources of proof, including availability of compulsory process to insure attendance of witnesses; cost of making necessary proof; questions as to enforceability of a judgment if one is obtained; relative advantages and obstacles to fair trial; difficulties that may arise from congested dockets; possibility of existence of questions arising in area of conflict of laws; advantage of having local court determine questions of local law; and, all other considerations of practical nature that make trial easy, expeditious and economical.  28 U.S.C. § 1404; *KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212 (D. Kan. 1998).

These factors weigh in favor of venue remaining in plaintiff's forum of choice – in the District of Kansas.  Plaintiff has its principle place of business in Kansas; defendants engaged in commerce in Kansas by shipping products into Kansas, sending personnel to Kansas, and engaging in discussions, negotiations, and business transactions in Kansas; witnesses to be called at trial are located in Kansas; resolution of at least two of the three counts require interpretation of Kansas law;

and plaintiff has conducted no business with defendants in Delaware.

Defendants have failed to meet their burden to establish that the existing forum is inconvenient.  *Chrysler Credit Corp.*, 928 F.2d at 1515.

**IT IS THEREFORE ORDERED** that Defendants Motion for Transfer of Venue (Doc. 3) is denied.

Dated this 11th day of December 2008, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**